

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Gregory Thompson ) | |
| ) | Case No. 06-3468 |
| Debtor(s) ) | |
| ) | (Related Case: 05-76081) |
| Ericka Parker, Trustee ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Gregory Thompson ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court upon the Plaintiff/Trustee's Motion for Summary Judgment. The Plaintiff/Trustee's Motion for Summary Judgment is brought upon her Complaint to Revoke the Discharge of the Defendant/Debtor, Gregory A. Thompson. The Debtor failed to respond to the Summary Judgment motion within the time permitted by local rule. After reviewing the Trustee's Memorandum in Support, together with the evidence, the Court finds that the Motion for Summary Judgment should be Granted.

### FACTS

On October 15, 2005, Gregory A. Thompson (hereinafter referred to as "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On January 31,

Ericka Parker, Trustee v. Gregory Thompson
Case No. 06-3468

2006, Debtor filed his 2005 State of Ohio and Federal Income Tax Returns, which evidenced refunds in the amount of $6,258.00. On March 17, 2006, this Court ordered that the Debtor turnover to the Plaintiff/Trustee (hereinafter referred to as "Trustee") the nonexempt portion of his 2005 tax refunds. According to the Trustee's sworn affidavit, this amount was $4,137.82.

The Trustee filed this adversary proceeding for the denial/revocation of Debtor's discharge on August 15, 2006. In this action, the Trustee alleged that she had not received any payment from the Debtor pursuant to this Court's order. The Court held a Pre-Trial on the matter on October 11, 2006, at which time Debtor was given 30 days to reach a resolution with the Trustee. On December 14, 2006, there having been no such resolution, the Trustee submitted her Motion for Summary Judgment, along with a sworn affidavit, wherein she stated that she had not yet received any payment from the Debtor pursuant to this Court's Order for Turnover.

## DISCUSSION

In the instant matter, the Trustee seeks to Deny/Revoke Discharge[1] under 11 U.S.C. § 727 for refusal to follow this Court's order. Pursuant to 28 U.S.C. § 157(b)(2)(j), objections to discharges are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 1334.

---

[1] Although the Trustee's complaint technically seeks the revocation of the Debtor's discharge, future reference to the Trustee's cause of action will be made in terms of a denial of discharge, with the effect of these two types of actions being fundamentally the same: the debtor does not receive a discharge. *Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1199 (10th Cir. 2003), citing *In re Hairston*, 3 B.R. 436, 438 (Bankr. N.M. 1980).

Page 2

**Ericka Parker, Trustee v. Gregory Thompson**
**Case No. 06-3468**

The Trustee filed a Motion for Summary Judgment upon her Complaint to Deny Discharge. The standard for a summary judgment motion is set forth in FED.R.CIV.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The movant must initially demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden is then on the nonmoving party to show the existence of a material fact which must be tried. *Id.* The nonmoving party may oppose a properly supported summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves . . . ." *Id.* at 324. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED.R.CIV.P. 56(e). The court is directed to view all facts in the light most favorable to the nonmoving party. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S. Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986); *see also In re Bell*, 181 B.R. 311 (Bankr. N.D. Ohio 1995).

The Trustee's Complaint to Deny Discharge is brought under 11 U.S.C. § 727(a)(6)(A), which provides that a debtor's discharge shall be denied when "the debtor has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." Discharges in bankruptcy are favored. *Marquis v. Marquis (In re Marquis)*, 203 B.R. 844, 847 (Bankr. D.Me. 1997). As such, those provisions of the Bankruptcy Code which either deny or revoke a debtor's discharge are to be construed liberally in favor of the debtor and strictly against the party bringing the action. *Hunter v. Shoup (In re Shoup)*, 214 B.R. 166, 172 (Bankr. N.D.Ohio 1997). Any party seeking to deny a debtor's discharge bears the burden of proof to demonstrate, by a preponderance of the evidence, that an exception to the entry of discharge is applicable. *Beaubouef v. Beaubuoef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992), citing *Grogan v. Garner*, 498 U.S. 279, 287, 111 S. Ct. 654, 659-60, 112 L. Ed. 2d 755 (1991); FED.R.BANKR.P. 4005 (1993).

Page 3

Ericka Parker, Trustee v. Gregory Thompson
Case No. 06-3468

For purposes of § 727(a)(6)(A), mere noncompliance with a court order is insufficient, by itself, to warrant denying a debtor's bankruptcy discharge. *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 409 (Bankr. N.D.Ohio 1999). Instead, it is necessary to show that the debtor actually refused to obey the court order. *Id*. This Court, as well as others, has held that a debtor will be found to have refused to obey a court order under § 727(a)(6)(A) when the debtor's inaction would give rise to a charge of civil contempt. *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D.Ohio 1999); *Yoppolo v. Walter (In re Walter)*, 256 B.R. 753, 758 (Bankr. N.D.Ohio 2001). To hold a party liable for civil contempt, the complainant must establish that the following three elements are met by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite. *In re Magack*, 247 B.R. at 410, *citing Glover v. Johnson*, 183 F.3d 229, 244 (6th Cir. 1998); *In re Temple*, 228 B.R. 896, 897 (Bankr. N.D.Ohio 1998).

In the case at hand, it is clear that the Trustee has met her burden with respect to each of the elements of the civil contempt test. In his answer to the Trustee's complaint, the Debtor acknowledged that he received a copy of this Court's order for turnover, and he did not contest the fact that he has not yet turned over his tax refunds to the Trustee. Finally, this Court's Order for Turnover was direct, stating that:

> [T]he Debtor(s) shall surrender to the Trustee on or before April 15, 2006, a copy of the State of Ohio and Federal Income Tax Returns with all attachments and the non-exempt portion of the 2005 State of Ohio and Federal Income Tax Refunds for administration as part of the bankruptcy estate.

Therefore, given the directness of this Court's order, there is no doubt that the Order was specific and definite, so as to meet the third and final prong of the civil contempt test.

Page 4

**Ericka Parker, Trustee v. Gregory Thompson**
**Case No. 06-3468**

Although the elements of the civil contempt test have been satisfied, impossibility or an inability to comply with a judicial order is a valid defense to a charge of civil contempt. *United States v. Bryan*, 339 U.S. 323, 330-334, 70 S. Ct. 724, 730-732, 94 L. Ed. 884 (1950). The facts presented in this case, however, do not show that the Debtor's failure to turnover was defensible on the basis of impossibility or an inability to comply. Such a defense is only effective where after using due diligence, the person, through no fault of their own, is still unable to comply with the order. To make such a showing, the contemnor may not merely assert a present inability to comply, but must also introduce supportive evidence showing that all reasonable efforts to comply with the order have been undertaken. *Harrison v. Metropolitan Gov't of Nashville County & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998), *cert. denied*, 519 U.S. 862, 117 S. Ct. 169, 136 L. Ed. 2d 111 (1996). The Debtor, however, did not even attempt to satisfy this burden, having failed to submit a response to the Trustee's Motion for Summary Judgment; consequently, there is nothing before this Court which would show why he could not turnover his refunds or otherwise attempt to comply with this Court's Order.

In conclusion, the Court finds that the Debtor refused to comply with an Order of this Court in contravention to 11 U.S.C. § 727(a)(6)(A). Accordingly, the Court finds that the Trustee's Motion for Summary Judgment should be granted and that the Debtor's bankruptcy discharge should be denied in accordance with 11 U.S.C. § 727(a)(6)(A). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Ericka Parker, Trustee v. Gregory Thompson
Case No. 06-3468

Accordingly, it is

***ORDERED*** that the Plaintiff's Motion for Summary Judgment be, and is hereby, Granted.

***IT IS FURTHER ORDERED*** that the bankruptcy discharge of the Debtor, Gregory A. Thompson, be, and is hereby, Denied/Revoked pursuant to 11 U.S.C. § 727(a)(6)(A).

***IT IS FURTHER ORDERED*** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order upon the Debtor, Attorney for Debtor, the Trustee, and all the Creditors and Parties in-interest.

Dated: February 28, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

# *CERTIFICATE OF SERVICE*

Copies were mailed this 28th day of February, 2007, to the following parties:

Ericka S Parker
33 S Michigan
#203
Toledo, OH 43604

Gregory A. Thompson
1028 Elysian Ave
Toledo, OH 43607

Patricia A Kovacs
500 Madison Ave
#525
Toledo, OH 43604

Office of the U.S. Trustee
U.S. Courthouse
201 Superior Ave, East
#441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court